**Clifford B. DOTY and Helen B. Doty,
Plaintiffs-Appellants,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 15156.

United States Court of Appeals
Sixth Circuit.

Oct. 14, 1963.

---

John Fildew, Detroit, Mich., for appellants, Fildew, De Gree, Fleming & Gilbride, Edward G. De Gree, Detroit, Mich., on brief.

Morton K. Rothschild, Dept. of Justice, Washington, D. C., for appellee, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Robert F. Ritzenhein, Asst. U. S. Atty., Detroit, Mich., on brief.

Before WEICK and PHILLIPS, Circuit Judges, and FREEMAN, District Judge.

ORDER.

The facts in this case are similar to those involved in Drysdale v. Commissioner, 277 F.2d 413 (C.A.6). The agreements in both cases were substantially identical except for slight variations in the amounts of money involved. Doty, like Drysdale, was an officer of Briggs Manufacturing Company and was employed by Chrysler Corporation when Briggs sold the automotive part of its business to Chrysler. We held that contributions made by Briggs to a pension trust were not taxable to Drysdale. The Government contends that we should rule differently as to Doty because in Drysdale the court's attention was not called to Section 402 of Title 26 U.S.C., 1958 ed., which was invoked in Doty.

██ We are of the opinion that the provisions of Paragraph 10 of the original contract were not affected by the 1953 amendments thereto and remained in full force and effect. Violation by Doty of the provisions of the contract as amended would result in forfeiture of his interest in the contributions made by Briggs under the trust agreement. Since the contributions were forfeitable, Section 402 did not apply.

In any event, *stare decisis* compels that we follow the rule in Drysdale.

The judgment of the District Court is reversed and the cause is remanded with instructions to enter judgment in favor of appellants.